UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| ATLANTIC CASUALTY ) | |
| INSURANCE COMPANY, ) | |
|     Plaintiff, ) | |
| ) | |
|   v. ) | CAUSE NO.: 2:21-CV-194-PPS-JPK |
| ) | |
| RIGHT WAY AUTO SALES, LLC, ) | |
| OMAR ALTAHARWAW and ) | |
| RODNEY STATON, ) | |
|     Defendants. ) | |

**OPINION AND ORDER**

This matter is before the Court *sua sponte*. The Court must continuously police its subject matter jurisdiction, *Hay v. Ind. State Bd. of Tax Comm'rs*, 312 F.3d 876, 879 (7th Cir. 2002), and dismiss this action if the Court lacks subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3). Plaintiff Atlantic Casualty Insurance Company filed a Complaint [DE 1] asserting federal jurisdiction based on diversity of citizenship. As the party seeking federal jurisdiction, Plaintiff has the burden of establishing that subject matter jurisdiction exists. *Smart v. Local 702 Int'l Bhd. of Elec. Workers*, 562 F.3d 798, 802-03 (7th Cir. 2009). For the Court to have diversity jurisdiction, no Defendant may be a citizen of the same state as Plaintiff, and the amount in controversy must be more than $75,000. *See* 28 U.S.C. § 1332(a). Although Plaintiff has sufficiently alleged its own citizenship and a sufficient amount in controversy (subject to any later challenge), the Complaint fails to allege properly the citizenship of any Defendant.

As to the individual Defendants (Omar Altaharwaw and Rodney Staton), Plaintiff must allege the citizenship of each based on their domicile (not their residence), "and domicile is the place one intends to remain." *Dakuras v. Edwards*, 312 F.3d 256, 258 (7th Cir. 2002); *Heinen v. Northrop Grumman Corp.*, 671 F.3d 669, 670 (7th Cir. 2012) (citizenship "depends on domicile—

that is to say, the state in which a person intends to live over the long run. An allegation of 'residence' is therefore deficient."). Plaintiff must therefore file a Supplemental Jurisdictional Statement alleging the citizenship of Defendants Altaharwaw and Staton based on their domicile at the time the Complaint was filed. *See Altom Transp., Inc. v. Westchester Fire Ins. Co.*, 823 F.3d 416, 420 (7th Cir. 2016) ("A natural person is a citizen of the state in which she is domiciled . . . diversity is assessed at the commencement of the action, as defined by Federal Rule of Civil Procedure 3 as the time of pleading").

For the LLC Defendant (Right Way Auto Sales, LLC), Plaintiff must allege "the citizenship of each of its members" as of the filing of the Complaint. *Thomas v. Guardsmark, LLC*, 487 F.3d 531, 534 (7th Cir. 2007); *Smith v. Dodson*, No. 2:17-CV-372, 2019 WL 2526328, at *1 (N.D. Ind. June 19, 2019) (requiring the name and citizenship of each LLC member to be identified) (citing *Guar. Nat'l Title Co. v. J.E.G. Assocs.*, 101 F.3d 57, 58-59 (7th Cir. 1996) (requiring "the name and citizenship of each partner" of limited partnership)); *see also West v. Louisville Gas & Elec. Co.*, 951 F.3d 827, 829 (7th Cir. 2020) ("only the partners' or members' citizenships matter," and "their identities must be revealed"). The citizenship of each such member must also be "traced through multiple levels" for members who in turn have members or partners. *Mut. Assignment & Indem. Co. v. Lind-Waldock & Co., LLC*, 364 F.3d 858, 861 (7th Cir. 2004); *Thomas*, 487 F.3d at 534 (jurisdictional statement for LLC "must identify the citizenship of each of its members . . . and, if those members have members, the citizenship of those members as well"). Here, while Plaintiff has alleged that "Right Way is a single member LLC owned by Hasan Musleh," the Complaint again fails to allege this member's citizenship based on domicile, and instead alleges only that Hasan Musleh is an Indiana resident. (ECF No. 1, ¶ 2). Plaintiff's Supplemental Jurisdictional Statement must therefore allege the citizenship of Hasan Musleh based on domicile.

Given the importance of determining the Court's jurisdiction over Plaintiff's Complaint, Plaintiff must properly allege the citizenship of each Defendant for purposes of diversity jurisdiction. The Court therefore **ORDERS** Plaintiff to **FILE**, on or before **June 29, 2021**, a supplemental jurisdictional statement properly alleging the citizenship of each Defendant as stated above.

So ORDERED this 15th day of June, 2021.

s/ Joshua P. Kolar  
MAGISTRATE JUDGE JOSHUA P. KOLAR  
UNITED STATES DISTRICT COURT